UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER A. BAXTER,<br><br>        Plaintiff,<br><br>  v.<br><br>THOR MOTOR COACH, INC.;<br>DEMARTINI RV SALES; and DOES<br>1-20,<br><br>        Defendants. | No.  2:19-cv-01532-JAM-CKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE** |

    This matter is before the Court on Defendant Thor Motor Coach, Inc.'s ("Defendant") Motion to Change Venue.  Mot., ECF No. 9.  Plaintiff Jennifer Baxter ("Plaintiff") filed an opposition, ECF No. 16, to which Defendant replied, ECF No. 19.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendant's Motion to Change Venue.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 7, 2020.

I.   BACKGROUND

Plaintiff purchased a 2018 Thor Aria 3901 motor home from DeMartini RV Sales on June 14, 2017. First Amended Complaint ("FAC"), ECF No. 15, ¶ 4. With the purchase, Plaintiff received an express limited warranty from Defendant and an implied warranty of merchantability. FAC ¶ 5. Plaintiff alleges that during the warranty period, Defendant failed to repair defects in the motor home. Id. at ¶ 6. These defects allegedly existed when Defendant sold Plaintiff the motor home. Id. at ¶ 7. Defendant then refused to reimburse Plaintiff or replace the defective motor home. Id. at ¶ 9.

On July 12, 2019, Plaintiff filed suit against Defendant in Nevada County Superior Court for violations of the Song Beverly and Magnuson-Moss Consumer Warranty Acts. See Notice of Removal, ECF No. 1. The case was removed to this Court on August 9, 2019. Id. Defendant now moves for the Court to change the venue of this case from the Eastern District of California to the Northern District of Indiana based on a forum-selection clause in the warranty that accompanied the motor home purchased by Plaintiff. Mot. at 4-7. Plaintiff opposes, arguing she was given no notice of the clause prior to purchasing the motor home. Opp'n at 5-8.

II.   OPINION

A.   Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) seeks to

2

"prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

In considering a motion to change venue, "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." Stewart Org. v. Ricoh Corp., 487 U.S. 22, 20 (1988) (quoting Van Dusen, 376 U.S. at 622). A valid forum-selection clause constitutes the parties' agreement as to the most appropriate forum. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 63 (2013). Thus, the "court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id.

The party seeking to defeat the forum-selection clause bears the burden of demonstrating "that the transfer to the forum for which the parties bargained is unwarranted." Id. To defeat the clause, the party must "clearly show that enforcement would be unreasonable and unjust." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). A forum selection clause may be deemed unreasonable if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of her day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought. Holland Am. Line, Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 458 (9th Cir. 2007).

1    Accordingly, when presented with such an agreement, the
2 court must disregard plaintiff's choice of forum and the
3 parties' private interests.  Atl. Marine, 571 U.S. 49, 64.
4 Instead, it can only "consider arguments about public-interest
5 factors" and "those factors will rarely defeat a transfer
6 motion."  Id.  The party acting in violation of the forum-
7 selection clause bears the burden of showing that public-
8 interest factors "overwhelmingly disfavor a transfer."
9 Id. at 67.
10    B.   The Forum-Selection Clause
11    The forum-selection clause at issue is included in Thor
12 Motor Coach's Limited Warranty.  Mot. at 2.  The clause dictates
13 that courts within Indiana have "exclusive jurisdiction" to
14 decide disputes arising out of the sale of the motor home.  See
15 Limited Warranty, Ex. 1 to Opp'n, ECF No. 16-3, p. 14.  This
16 language indicates that any litigation over the motor home must
17 be initiated in Indiana.  Hunt Wesson Foods, Inc. v. Supreme Oil
18 Co., 817 F.2d 75, 77 (9th Cir. 1987) ("[I]n cases in which forum
19 selection clauses have been held to require litigation in a
20 particular court, the language of the clauses clearly required
21 exclusive jurisdiction.") (emphasis in original).  The mandatory
22 nature of the forum-selection clause is not in dispute.
23 Opp'n at 2.
24    Plaintiff contends the case should not be transferred for
25 two reasons.  First, Plaintiff argues the forum-selection clause
26 is invalid and unreasonable because Defendant failed to inform
27 Plaintiff of the existence of the forum-selection clause and
28 failed to make the clause available to Plaintiff prior to sale.

4

Opp'n at 5-9.  Second, Plaintiff contends enforcement of the clause would contravene California public policy.  The Court is not persuaded by either contention, as explained below.

1. Validity

Plaintiff argues the forum-selection clause is invalid because Defendant violated the Magnuson-Moss Warranty Act's requirement that the terms of a written warranty be disclosed and made available to the consumer prior to the sale of the product.  15 U.S.C. § 2302(a)-(b).  The Act requires written warranties to "fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty."  15 U.S.C. § 2302(a).  This may require including "[a] brief, general description of the legal remedies available to the consumer." 15 U.S.C. § 2302(a)(9).  The Act further requires that "the terms of any written warranty . . . be made available to the consumer . . . prior to the sale of the product to him."  15 U.S.C. § 2302(b)(1)(A).  Upon reviewing the facts presented by the parties, the Court finds Defendant did not run afoul of these provisions.

According to Plaintiff, on the day she purchased the motor home, the salesperson at DeMartini RV Sales instructed her to sign the Sales Contract.  Jennifer A. Baxter Declaration ("Baxter Decl."), ECF No. 16-1, ¶ 4.  Plaintiff was also instructed to sign the "Registration and Acknowledgment of Receipt of Warranty and Product Information" ("Acknowledgment Form").  Id. at ¶ 9.  Across the top of the Acknowledgment Form, bolded and in all caps, it says, "Important: The Customer is Required to Read this Document Before Signing it."

1  Acknowledgment Form, Ex. E to Motion, ECF No. 9-4.  The
2  Acknowledgment Form goes on to say, in relevant part: "You the
3  purchaser, should not submit this form until [] you have
4  received and reviewed the Limited Warranty and owner's manual
5  . . . ."; and "Before I purchased this vehicle, I received, read
6  and agreed to the terms and conditions of Thor Motor Coach's
7  1 page Limited Warranty, published within its Owner's Manual,
8  and the Chassis Limited Warranty."  Id.  Plaintiff asserts she
9  did not receive or review either warranty prior to signing the
10 Sales Contract or the Acknowledgment Form.  Baxter Decl. at
11 ¶ 10.
12    While Plaintiff may not have received or reviewed the
13 Limited Warranty prior to purchasing the motor home, having read
14 the Acknowledgment Form in full, she cannot claim she was
15 unaware of the Limited Warranty's existence.  Nor can she claim
16 not to have known that the Limited Warranty was located inside
17 the Owner's Manual.  The Acknowledgment Form repeatedly mentions
18 the Limited Warranty and directs the reader to where it can be
19 found.  See Authorization Form.  Moreover, the Acknowledgment
20 Form discourages the purchaser from signing it prior to
21 reviewing the Limited Warranty.  Id. ("You the purchaser, should
22 not submit this form until [] you have received and reviewed the
23 Limited Warranty . . . .").
24    Because the Acknowledgement Form notified Plaintiff of the
25 existence of the Limited Warranty, it was, in essence, "made
26 available to [her] . . . prior to the sale of the product
27 . . . ." See 15 U.S.C. § 2302(b)(1)(A).  A review of the Limited
28 Warranty reveals that it discloses "in simple and readily

6

understood language [its] terms and conditions . . . ," including "[a] brief, general description of the legal remedies available to the consumer." 15 U.S.C. § 2302(a)(9); see Limited Warranty, ECF No. 16-3. Accordingly, the Limited Warranty does not violate the Magnuson-Moss Warranty Act and the Court, thus, declines to invalidate its forum-selection clause. See Doe I v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) ("[a] forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon with [the court] will conclude the clause is unenforceable.").

2. Reasonableness

Plaintiff next argues the forum-selection clause is unreasonable because the Acknowledgement Form is a contract of adhesion which provided no notice of the clause and the parties were in an unequal bargaining position. See Opp'n at 7-8. As an initial matter, the fact that the clause was presented in a contract of adhesion is insufficient to demonstrate that it is unreasonable. See Tompkins v. 23andMe, Inc., 840 F.3d 1016, 1029 (9th Cir. 2016). Further, Plaintiff was made aware of the existence of the Limited Warranty containing the forum-selection clause when she signed the Acknowledgment Form. Thus, for the above-described reasons, Plaintiff received adequate notice.

The Court is not persuaded by Plaintiff's unsupported argument that she found herself in an unequal bargaining position. See Opp'n at 8-9. Forum-selection clauses are enforceable even when the terms of the contract are not subject to negotiation. See, e.g., Carnival Cruise Lines, Inc., 499

U.S. at 593-94 (upholding a forum-selection clause pre-printed in each passenger's cruise ticket contract). In other words, even where a purchaser allegedly has no bargaining power, a forum-selection clause is not necessarily unreasonable. Accordingly, the Court declines to find this forum-selection clause unreasonable.

### 3. Public Policy

Finally, Plaintiff argues that enforcement of the forum-selection clause would run afoul of California's strong public policy of consumer protection. Plaintiff only points to the existence of California's Song Beverly Consumer Warranty Act, Civ. Code § 1790 et seq., as evidence of this. See Opp'n at 9-10. However, "absent a total foreclosure of remedy in the transferee forum, courts tether their policy analysis to the forum selection clause itself, finding the forum selection clause unreasonable only when it contravenes a policy specifically related to venue." Rowen v. Soundview Commc'ns, Inc., Case No. 14-cv-05539, WL 899294 at *4 (N.D. Cal. 2015); see, e.g., Jones v. GNC Franchising, Inc., 211 F.3d 495, 497-98 (9th Cir. 2000) (finding forum-selection clause invalid because California policy at issue specifically provided that California franchisees were entitled to a California venue for franchise agreement suits).

Plaintiff's remedy will not be in any way foreclosed if venue is transferred. Defendant stipulates that Plaintiff may pursue her recently added Song Beverly Act claim in Indiana. Reply at 5. And Plaintiff's reference to the Song Beverly Act as "a landmark consumer protection statute intended to provide

remedial measures to consumers such as Plaintiff" is not enough. Opp'n at 9.  Plaintiff has failed to identify a California policy specifically related to venue.  Thus, transferring venue to the Northern District of Indiana would not violate California public policy.  See Hegwer v. Am. Hearing & Assocs., Case No. 11-cv-04942, WL 629145 at *3 (N.D. Cal. 2012) (rejecting plaintiff's argument against transferring venue because plaintiff failed to identify a specific California policy and concluding that any such policy must be related to the forum-selection clause itself given that no foreclosure of remedy would exist in the transferee forum).

In sum, Plaintiff has not satisfied the "heavy burden" of showing the forum-selection clause at issue to be unenforceable. AOL LLC, 552 F.3d at 1083.  Accordingly, the forum-selection clause applies in full force and the matter is transferred to the Northern District of Indiana.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Change Venue.

IT IS SO ORDERED.

Dated: April 20, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE